UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

ELECTRONICALLY FILED

| | |
|---|---|
| MILRED S. NEW ) | |
| ) | |
| PLAINTIFF ) | |
| ) | Civil Act. No. 7:16-cv-00133-ART-EBA |
| v. ) | |
| ) | |
| THE SHOPPING CENTER GROUP, ) | |
| ET AL. ) | Removed from: |
| ) | Pike Circuit Court |
| DEFENDANTS ) | Case No. 16-CI-00510 |
| ) | |

## ANSWER OF REALTYLINK, LLC TO AMENDED COMPLAINT

Comes the Defendant, RealtyLink, LLC ("Realty"), by counsel, and for its answer to the amended complaint filed against it herein by the Plaintiff, Mildred S. New, states as follows:

### FIRST DEFENSE

1. All or part of the Plaintiff's amended complaint fails to state a claim against Realty upon which relief can be granted.

### SECOND DEFENSE

2. Realty is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1, 2, 4, 5, 6, 7, 8, 12, 13, 14, 15, and 16 of the Plaintiff's amended complaint, and therefore, denies those allegations.

3. Realty denies the allegations contained in paragraphs 3, 9, and 10 of the Plaintiff's amended complaint as it pertains to Realty.

1

4. As to the allegations contained in paragraph 11 of the Plaintiff's amended complaint, Realty denies that it was negligent. Realty is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 11 of the Plaintiff's amended complaint, and therefore, denies those allegations.

5. Realty denies any and all allegations set forth in the Plaintiff's amended complaint not mentioned or admitted hereinabove.

### THIRD DEFENSE

6. Realty relies upon and asserts all the affirmative defenses set forth in Federal Rule of Civil Procedure 8, including but not limited to assumption of the risk; contributory negligence; estoppel; laches; statute of limitations; waiver; and comparative fault on the part of the Plaintiff, and other parties and non-parties to this action, as well as other persons or entities not under the control of Realty.

### FOURTH DEFENSE

7. At the time and place in question, the Plaintiff failed to exercise ordinary care for her own safety, and such failure was the sole, or in the alternative, a substantial factor in causing the Plaintiff's alleged injuries and damages, and liability or fault should be apportioned to her accordingly.

### FIFTH DEFENSE

8. To the extent that any person or entity exists that has paid any amounts or

for the benefit of the Plaintiff for the injuries alleged in the amended complaint, and who have not been properly notified of their subrogation rights, the Plaintiff has failed to comply with KRS 411.188, and her amended complaint is barred.

## SIXTH DEFENSE

9. Any alleged defect or dangerous condition existing on the property at the time of the Plaintiff's alleged injury was open and obvious, and Realty is therefore not liable for the Plaintiff's injuries.

## SEVENTH DEFENSE

10. If any alleged defect or dangerous condition existing on the property at the time of the Plaintiff's alleged injury was not open and obvious, such defect was unknown or not reasonably knowable to Realty, and Realty is therefore not liable for the Plaintiff's injuries.

## EIGHTH DEFENSE

11. The Plaintiff had or should have had, actual knowledge of the condition of the premises at issue, and therefore Realty had no duty to warn the Plaintiff or make the premises safe.

## NINTH DEFENSE

12. The Plaintiff's claims against Realty are barred in whole or in part by the intervening and superseding negligence of third-parties.

## TENTH DEFENSE

13. The Plaintiff's claims against Realty are barred in whole or in part by intervening or superseding causes over which Realty had no control.

## ELEVENTH DEFENSE

14.     The Plaintiff's injuries were not reasonably foreseeable and Realty is therefore not liable to the Plaintiff.

## TWELTH DEFENSE

15.     Realty reserves the right to plead further as the facts are developed in this case.

**WHEREFORE**, the Defendant, RealtyLink, LLC, by counsel, prays and demands:

1.      That the Plaintiff's amended complaint against it be dismissed, with prejudice;

2.      For its costs herein expended, including attorney's fees, if applicable;

3.      For a trial by jury on all issues so triable; and

4.      For any and all other proper relief to which it may appear entitled.

Respectfully submitted,

/s/ Jarad N. Key
Charles H. Cassis, Esq.
Jarad N. Key, Esq.
Goldberg Simpson, LLC
9301 Dayflower Street
Prospect, Kentucky 40059
ccassis@goldbergsimpson.com
jkey@goldbergsimpson.com
PH: (502) 589-4440 / FAX: (502) 581-1344
*Counsel for Defendant, RealtyLink, LLC*

## **CERTIFICATE OF SERVICE**

       I certify that the foregoing document and notice of electronic filing was served via email this 30th day of June, 2017, to the following CM/ECF participant:

Robert R. Waters, Esq.
D. Matthew Kannady, Esq.
12802 Towne Park Way
Suite 200
Louisville, Kentucky 40243
*Counsel for Plaintiff*

                                        /s/ Jarad N. Key, Esq.
                                        *Counsel for Defendant, RealtyLink, LLC*